UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANDREW C. WICKERT,<br><br>　　　　Plaintiff,<br><br>-v-<br><br>ONLINE INFORMATION SERVICES, INC.<br><br>　　and<br><br>AMEREN ILLINOIS COMPANY,<br><br>　　　　Defendants. | CASE NO.: 1:20-cv-01309<br><br>JUDGE:<br><br><u>COMPLAINT</u><br>JURY DEMAND ENDORSED HEREON |

　　Plaintiff, Andrew C. Wickert, for his Complaint against Online Information Services, Inc. and Ameren Illinois Company (collectively, "Defendants"), states as follows:

<u>NATURE OF THE ACTION</u>

1. Plaintiff brings this action against Defendants seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendants' unlawful debt collection practices as described in this Complaint, *infra*.

<u>JURISDICTION AND VENUE</u>

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants transact business within the Central District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff, Andrew C. Wickert ("Wickert") is a natural adult person residing in Delavan, Illinois, which lies within the Central District of Illinois.

5. Wickert is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Wickert is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, Online Information Services, Inc. ("OIS"), is a North Carolina corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, OIS regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications with consumers, OIS identifies itself as a "debt collector."

9. OIS is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. OIS is a "person" as that term is defined and/or used within the ICFA.

11. Defendant, Ameren Illinois Company ("Ameren"), is an Illinois corporation doing business within the State of Illinois.

12. Ameren is a "person" as that term is defined in the ICFA.

### Collusion / Common Enterprise

13. Defendants are unified by contract and common interest.

14. Upon information and belief, Defendants colluded and/or operated as a common enterprise in connection with the unlawful acts and practices described in this Complaint, *infra*.

15. Upon information and belief, because Defendants colluded and/or operated as a common enterprise in connection with the unlawful acts and practices described in this Complaint, *infra*, each Defendant is jointly and severally liable for such acts and practices.

FACTS SUPPORTING CAUSES OF ACTION

16. Wickert resided at 5819 N. Galena Road in Peoria Heights, Illinois (the "Residence") until 2015, at which time the Residence was foreclosed and he vacated the Residence.

17. As of the date he vacated the Residence in 2015, Wickert had paid off all of his outstanding utility bills in full, including to Ameren, his electric service provider at the Residence.

18. Upon making his final payment to Ameren in connection with the Residence in 2015, Wickert disconnected his services with Ameren and closed his account.

19. Beginning in or around 2018, to Wickert's surprise and dismay, Ameren began contacting him again attempting to collect an alleged debt in the amount of $138.11 that Ameren claimed Wickert still owed it in connection with the services he received from Ameren at the Residence (the "Subject Debt").

20. In response to Ameren's attempted collection of the Subject Debt in 2018, Wickert immediately contacted Ameren via phone advising it that he did not owe the Subject Debt and demanding that Ameren cease contacting him.

21. Despite Wickert's 2018 dispute, Ameren continued its attempts to collect the Subject Debt from Wickert.

22. Throughout 2018, 2019 and 2020, Wickert called Ameren on several other occasions to continue disputing the validity of Ameren's claim to the Subject Debt in his attempt to have Ameren cease dunning and contacting him once and for all.

23. Inexplicably, Wickert's disputes were ignored by Ameren.

24. In or around June 2020, Ameren assigned the Subject Debt to OIS for further collection.

25. In July 2020, Wickert received a dunning letter from OIS seeking payment of the Subject Debt from Wickert. A copy of the dunning letter is attached to this Complaint as Exhibit A (the "Collection Letter").

26. The Collection Letter was the initial communication Wickert received from OIS concerning the Subject Debt.

27. In the Collection Letter, OIS identified itself to Wickert as a "debt collector" and stated that the Collection Letter was "an attempt to collect a debt." *See* Exhibit A.

28. In the Collection Letter, the "date of service" was listed as "November 1, 2017," over two (2) years after Wickert vacated the Residence. *See* Exhibit A.

29. On or around August 5, 2020, in response to receiving the Collection Letter, Wickert called OIS (the "Phone Call").

30. During the Phone Call, Wickert explained to OIS's agent that he had vacated the Residence in 2015 and that he did not owe the Subject Debt, and asked OIS to provide him with verification of the Subject Debt.

31. Despite his dispute and request for verification, OIS's agent attempted to collect the Subject Debt from Wickert during the Phone Call.

32. Wickert became upset and disconnected the Phone Call.

33. Frustrated, angry, and at a complete loss as to how to get Defendants to cease attempting to collect a debt from him that he does not owe, Wickert spoke to his attorneys seeking assistance.

34. After a reasonable time to conduct discovery, Wickert believes he can prove that all actions taken by Defendants as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

DAMAGES

35. Wickert was harassed and misled by Defendants' collection campaign against him.

36. Wickert justifiably fears that, absent this Court's intervention, Defendants will continue to attempt to collect payment from him of a debt that he does not owe.

37. Wickert justifiably fears that, absent this Court's intervention, Defendants will continue to cause unwarranted harm to his credit.

38. Wickert justifiably fears that, absent this Court's intervention, Defendants will continue to attempt to collect payment from him using abusive, deceptive and unlawful means.

39. Due to Defendants' conduct, Wickert was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

40. Due to Defendants' conduct, Wickert is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendants from engaging in the unlawful collection practices described in this Complaint, *supra*.

GROUNDS FOR RELIEF

COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
-AGAINST OIS-

41. All prior paragraphs are incorporated into this count by reference.

42. The FDCPA states, in relevant part

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(2)(A), e(2)(B) and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. §§ 1692f and f(1).

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

43. As of July 1, 2020, the date of the Collection Letter, OIS knew or should have known that Plaintiff had already disputed the validity of the Subject Debt, *i.e.*, that Plaintiff had notified Ameren on multiple occasions that he did no owe the Subject Debt.

44. Despite OIS's actual and/or constructive notice of Plaintiff's disputes to Ameren concerning the validity of the Subject Debt, OIS attempted to collect the Subject Debt from Plaintiff via the Collection Letter.

45. On August 5, 2020, Plaintiff <u>again</u> disputed the validity of the Subject Debt directly to OIS during the Phone Call.

46. Despite Plaintiff's dispute to OIS during the Phone Call, OIS's agent attempted to collect the Subject Debt from Plaintiff during the Phone Call.

47. In attempting to collect a consumer debt from Plaintiff that he does not owe, OIS violated 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(10), f and f(1).

6

48. In attempting to collect a disputed consumer debt from Plaintiff subsequent to receiving actual and/or constructive notice of Plaintiff's disputes concerning the validity of the debt, without first providing Plaintiff with written verification / validation of the debt, OIS violated 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(10), f, f(1) and g(b).

49. As a direct and proximate result of OIS's violations of the FDCPA as described in this Complaint, *supra*, Plaintiff has suffered considerable harm and injury including, but not limited to: financial loss, loss of creditworthiness, frustration, anxiety, stress and mental anguish, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, statutory damages in the amount of $1,000.00, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1692k.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
-AGAINST OIS AND AMEREN-

50. All prior paragraphs are incorporated into this count by reference.

51. Defendants' collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

52. The ICFA states, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

53. OIS violated the ICFA, namely, 815 ILCS 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*: (i) attempting to collect the Subject Debt from Plaintiff with actual and/or constructive knowledge that he did not owe the Subject Debt; and (ii) attempting to collect the Subject Debt from Plaintiff subsequent to receiving actual and/or constructive notice of Plaintiff's disputes, without first providing Plaintiff with written verification / validation of the Subject Debt.

54. Ameren violated the ICFA, namely 815 ILCS 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*: (i) attempting to collect the Subject Debt from Plaintiff with actual knowledge that he did not owe the Subject Debt; (ii) assigning the Subject Debt to OIS (and other debt collectors) for further collection with actual knowledge that Plaintiff did not owe the Subject Debt; and (iii) assigning the Subject Debt to OIS (and other debt collectors) for further collection without communicating to OIS (and other debt collectors) the disputed status of the Subject Debt.

55. Defendants intended that Plaintiff rely on their fraud, deception and/or concealment of material facts in order to procure payment of the Subject Debt from Plaintiff.

56. As a direct and proximate result of Defendants' violations of the ICFA as described in this Complaint, *supra*, Plaintiff has suffered considerable harm and injury including, but not limited to: financial loss, loss of creditworthiness, frustration, anxiety, stress and mental anguish, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, additional statutory and/or punitive damages in such amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 815 ILCS 505/10a.

57. Defendants' actions as set forth in this Complaint, *supra*, were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendants to liability for punitive damages under the ICFA in such amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Andrew C. Wickert, respectfully requests that this Court enter judgment in his favor against Defendants, jointly and severally, as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory and/or punitive damages, in such amounts as determined by the jury, as provided under 815 ILCS 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 1st day of September, 2020.　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Geoff B. McCarrell*
　　　　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell #0086427
　　　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave., Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　　geoff.m@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Andrew C. Wickert*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                */s/ Geoff B. McCarrell*
                                Geoff B. McCarrell (OH #0086427)
                                CONSUMER LAW PARTNERS, LLC

1:20-cv-01309-MMM-JEH   # 1   Page 10 of 11

10

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS             )
                              ) ss
COUNTY OF TAZEWELL            )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Andrew C. Wickert, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  9/1/2020  .

DocuSigned by:
*Andrew Wickert*
5411DA27FD9742C...
Signature